UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCAS ERIBERTO GUTAMA GUTAMA,<br><br>Petitioner,<br>v.<br><br>RAUL MALDONADO, JR., Warden, Metropolitan Detention Center, JUDITH ALMODOVAR, New York Field Office Director for U.S. Immigration and Customs Enforcement, TODD BLANCHE, Attorney General of the United States, MARKWAYNE MULLIN, Secretary of Homeland Security, DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement,<br><br>Respondents. | **<u>MEMORANDUM & ORDER</u>**<br>26-CV-06556 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

On September 1, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner Lucas Eriberto Gutama Gutama near his home on Staten Island. Petitioner was ultimately transferred to the Metropolitan Detention Center in Brooklyn ("MDC"), where he remains detained. He now seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1.[1] For the following reasons, his Petition is DENIED.

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

## BACKGROUND[2]

Petitioner is a citizen of Ecuador who entered the United States without inspection or admission in 2005. *Id.* at 6. Since 2011, he has lived on Staten Island. *Id.* Petitioner has two convictions for disorderly conduct and driving while impaired. ECF No. 6-1 at 2.

On August 31, 2026, ICE issued an I-200 warrant for Petitioner's arrest after concluding he was an alien present in the United States in violation of 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 6 at 24, 26. The warrant was issued against "Angel Falcon-Jarillo," which, according to his immigration file, is Petitioner's alias. ECF No. 8-1 at 3. ICE arrested Petitioner the following morning. *Id.* at 33. ICE also completed an initial custody determination and served Petitioner with a Notice to Appear several hours later. *Id.* at 26–29, 34. Petitioner was then transferred to the MDC. ECF No. 6-1 at 4.

Petitioner filed for a writ of habeas corpus on October 12, 2026. ECF No. 1. The Court issued an order for the United States Attorney, as attorney for Respondents, to show cause why the petition should not be granted. *See* October 13, 2026, Text Order.

The government filed its response on October 16, 2026. ECF No. 6. In its letter, the government asserts that "Petitioner is properly detained pursuant to 8 U.S.C. § 1226(a)" and urges the Court to deny the petition. *Id.* at 2. It argues that Petitioner's arrest and detention were procedurally proper, that ICE made an individualized determination in Petitioner's case, and that Petitioner presents a danger to the community based on his previous convictions. *Id.* at 3.

---

[2] The Court relies on evidence submitted by the parties in outlining the facts relevant to this Order. The facts recited here are undisputed unless otherwise noted. *See O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 398 n.2 (E.D.N.Y. 2025).

Petitioner filed his reply on October 20, 2026. ECF No. 8. Aside from recapitulating his previous arguments, he asserts that the government's arrest warrant is invalid because it was issued against a different individual. *Id.* at 2. Citing Falcon-Jarillo's immigration record, Petitioner notes that Falcon-Jarillo's listed country and date of birth are different from Petitioner's. *Id.* at 3. Petitioner again urges the Court to grant his petition. *Id.* at 12.

**LEGAL STANDARD**

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "[I]t is the petitioner who bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

Particularly relevant here is the Second Circuit's recent decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). There, the Circuit held that Section 1226(a), not Section 1225(b)(2)(A), applies to noncitizens like Petitioner who entered the United States without inspection and admission and were not apprehended at or near the border at the time of entry. *Id.* at 86, 96.

## DISCUSSION

Petitioner raises several arguments in support of his petition. He avers that ICE's warrant is invalid because it was issued against "Angel Falcon-Jarillo," whom he contends is a different individual. ECF No. 8 at 3. He argues that his arrest and detention are also improper because ICE issued an NTA after he had already been arrested. Citing Section 1226(a)'s implementing regulations, 8 C.F.R. § 1236.1(b)(1), he contends that because the warrant was issued before the NTA, his arrest violated the Immigration and Naturalization Act and due process. ECF No. 1 at 9–11. He next argues that ICE arrested him without conducting any individualized custody determination. *Id.* at 18. Finally, Petitioner asserts that ICE had to conduct the individualized custody determination before arresting him. *Id.* at 18. The Court disagrees.

First, Petitioner's attempts to undermine the validity of the warrant are unpersuasive. It is well established that "inaccuracies or ambiguities in a warrant do not necessarily render a warrant invalid." *United States v. Voustianiouk*, 685 F.3d 206, 212 (2d Cir. 2012). Here, there is good reason to believe the ambiguities were created by Petitioner himself. According to the government's affidavit, Petitioner provided his alias to U.S. Border Patrol when he first entered the United States, and "stated that he was a citizen of Mexico." ECF No. 6-1 at 2. Petitioner also ignores that, according to the Form I-213 immigration records, Falcon-Jarillo and Petitioner share the same hair and eye color, complexion, height, weight, and file number. ECF No. 6 at 15; ECF No. 8-1 at 2. Importantly, both records identify Falcon-Jarillo and Petitioner as the same person; "Falcon-Jarillo" is listed as an alias of Gutama, and "Gutama" is listed as an alias of Falcon-Jarillo. ECF No. 6 at 15; ECF No. 8-1 at 3. "[A]ll an arrest warrant must do is identify the person sought." *United States v. Lauter*, 57 F.3d 212, 215 (2d Cir. 1995). The Court

is satisfied that this warrant, which identified Petitioner by both his alias and file number, sufficed.

Second, "the Court has assessed the relevant procedures applied here and, based on the available record, concludes that Petitioner's detention pursuant to Section 1226, the initial custody determination, and other procedural aspects comport with due process." *Jum-Cruz v. Venturella*, No. 26-cv-4409, 2026 WL 2254755, at *3 (E.D.N.Y. Aug. 5, 2026). ICE issued a valid I-200 warrant before arresting Petitioner, *see* ECF No. 6 at 24, and issued an NTA and initial custody determination a few hours after taking him into custody, *see id.* at 26, 33. This Court has previously denied petitions where ICE conducted its initial custody determination and served the NTA on the day of the arrest. *See Jum-Cuz*, 2026 WL 2254755, at *2; *Ramirez v. Genalo*, No. 26-cv-3229, 2026 WL 1815771, at *4 (E.D.N.Y. June 24, 2026). This case is no different.

Moreover, as the government correctly observes, and as other courts in this Circuit have held, Petitioner would still not be entitled to release even if ICE had violated the regulations. "An alien may obtain relief based on the violation of a regulation without a showing of prejudice only if the regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute." *Gagea v. Maldonado*, No. 26-cv-4817, 2026 WL 2859032, at *2 (E.D.N.Y. Sept. 23, 2026). But when the regulation relates to "agency-created rights and privileges," as is true here, agency action may be invalidated only upon a showing of prejudice to the petitioner. *Id.* Here, like in *Gagea*, Petitioner has shown no prejudice stemming from ICE's issuance of an NTA several hours after his arrest. And if Petitioner were released, wheels would spin for no purpose: ICE could simply rearrest him now than an NTA has been issued. *See id*; *Gamez-*

*Quintanilla v. Arteta*, No. 26-cv-6350, 2026 WL 2517655, at *2 (S.D.N.Y. Aug. 26, 2026) (reaching the same conclusion). Neither the regulations nor due process compel such a result.

Third, like in *Jum-Cuz*, ICE conducted an individualized assessment when deciding to detain Petitioner. 2026 WL 2254755, at *4. In making its initial custody determination, ICE concluded that Petitioner did not establish that he posed no danger to persons or property. ECF No. 6 at 33. ICE explicitly relied on Petitioner's convictions for disorderly conduct and driving while impaired, as well as previous arrests for aggravated unlicensed operation of a motor vehicle and assault. *Id.* These considerations are a far cry from the types of generic findings this Court has previously found incompatible with an individualized custody determination. *See Curimilma Quille v. Blanche*, No. 26-cv-2818, 2026 WL 1453889, at *4 (E.D.N.Y. May 22, 2026) (rejecting "per se determination" that Petitioner posed a flight risk because he had "no pending application with USCIS"). And although Petitioner contends that his violations are "[Vehicle Traffic Law] adjudications and no[t] criminal convictions," ECF No. 1 at 7, "[a] district court has no authority to review ICE's discretionary determinations . . . or otherwise question their propriety." *Fontanelli as Next Friend of Bernal Garcia v. Francis*, No. 25-cv-07715, 2025 WL 2773234, at *4 (S.D.N.Y. Sept. 29, 2025) (citing 8 U.S.C. § 1226(e)). Having concluded that ICE's procedures afforded Petitioner adequate due process, the Court's inquiry is at an end.

Fourth, ICE's decision to conduct its custody determination post-arrest was lawful. Section 1226 provides that, pending its determination, the Attorney General "may *continue* to detain the arrested alien." 8 U.S.C. § 1226(a)(1) (emphasis added). In other words, the plain text of the law permitted ICE to conduct its custody determination after detaining Petitioner. *Gagea*, 2026 WL 2859032, at *4 (concluding the same).

Fifth, several of Petitioner's statutory and constitutional arguments rest on the incorrect assumption that ICE arrested him without a warrant. *See* ECF No. 1 at 8, 11–18. As discussed, the record shows that ICE issued a valid warrant before it arrested Petitioner. It is therefore unnecessary to address these arguments further.

**CONCLUSION**

For these reasons, the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED. For the avoidance of doubt, nothing in this Order shall be construed as a determination of Petitioner's right to seek custodial redetermination before an Immigration Judge ("IJ") or an individualized bond hearing before an IJ. At any such hearing, the IJ shall meaningfully consider alternatives to detention and Petitioner's ability to pay if a monetary bond is set, and the government will have the burden of showing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. *See J.C.G. v. Genalo*, No. 24-cv-08755, 2025 WL 88831, at *7 (S.D.N.Y. Jan. 14, 2025) (collecting cases where courts ordered that the government bear the burden of demonstrating by clear and convincing evidence that discretionary detention was justified); *see also Mendoza Raymundo v. Almodovar*, No. 26-cv-02304, 2026 WL 1480372, at *5 (E.D.N.Y. May 27, 2026) (same).

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 21, 2026